IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| VICTOR J. PACE,<br>Plaintiff, | ) | Civil Action No. 7:21cv00648 |
| v. | ) | MEMORANDUM OPINION |
| JEFF DILLMAN, et al.,<br>Defendants. | ) | By: Joel C. Hoppe<br>United States Magistrate Judge |

Plaintiff Victor J. Pace, a Virginia inmate appearing pro se and proceeding in forma pauperis, ECF No. 10, alleges that several prison officials violated his rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12134, by confiscating his personal property. Am. Compl. 5–11, ECF No. 22. He seeks damages against Defendants Jeff Dillman, Steve Herrick, Harold W. Clarke, Warden Phillip White, Corrections Officer Curtis, Ms. Mines, and Ms. Boyd in their official and individual capacities. *Id.* at 11. Defendants have moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 27. Pace responded, ECF No. 30, but he did not address the merits of Defendants' arguments. The matter is before me by the parties' consent under 28 U.S.C. § 636(c). ECF No. 15.

For the reasons that follow, the Court will grant Defendants' motion in its entirety and dismiss Pace's individual-capacity claims alleging violations of the ADA and the Fourteenth Amendment's Equal Protection Clause. The Court will also dismiss Pace's Fifth Amendment claim and any official-capacity damages claims under § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1). Pace's remaining First Amendment claim will go forward

only against Defendant Curtis in his individual capacity. All other Defendants are dismissed from the action.

I. Standard of Review

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To get past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety," *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), "accepting as true all well-pleaded allegations . . . and drawing all reasonable factual inferences in the plaintiff's favor," *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016). Legal conclusions, "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, "are not entitled to the assumption of truth," but they "can provide the framework of a complaint," *id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief" under the governing law.[1] *Id.*; *see, e.g.*, *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002) ("Dismissal of a complaint for failure to state facts supporting each of the elements of a claim is, of course, proper.").

II. Background[2] & Procedural History

In September 2015, Pace was convicted on two counts of aggravated sexual battery and one count of taking indecent liberties with a child. *See Commonwealth v. Victor J. Pace*, Nos. CR14-1025-00, CR14-1025-02, CR15-965-00 (Stafford Cnty. Cir. Ct. Sept. 4, 2015); *accord* ECF No. 1-2, at 3 (identifying Pace as a "sex offender[]" while incarcerated); Am. Compl. 9 (alleging discrimination "on the basis of [his] criminal conviction"). "During the course of [Pace's] incarceration" within the Virginia Department of Corrections ("VDOC"), "prison psychologists have diagnosed him has having 'sexual devi[a]nce.'" Am. Compl. 8. Pace participated in VDOC's Sex Offender Treatment program while housed at Augusta Correctional Center ("ACC") in Craigsville, Virginia. *See id.* at 6–8.

---

[1] Because Pace is a lay person representing himself, he enjoys "the benefit of a liberally construed complaint," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), that "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Of course, this does not excuse him from basic procedural rules and pleading standards. *Beaudett*, 775 F.2d at 1278. Pace "requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether" his pleading "makes out a claim on which relief can be granted" against each Defendant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 756 (W.D. Va. 2007).

[2] The facts set out below come from Pace's operative Amended Complaint, ECF No. 22, and copies of written documents that were exhibits to his original complaint, ECF No. 1-2. All well-pleaded factual allegations and reasonable inferences drawn therefrom are presented as true and in the light most favorable to Pace as the nonmoving party. The Court also takes judicial notice of Pace's underlying criminal convictions and other undisputed facts that are publicly available on official state-government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Centre L. & Consulting v. Axiom Res. Mgmt.*, 456 F. Supp. 3d 765, 767 n.1 (E.D. Va. 2020).

Seeking to "alleviate himself of his sexual devi[a]nce" through "self-treatment," *id.* at 8–9, Pace bought some "pictures and catalogs from Doll, L.[L.]C.," a VDOC-approved vendor, *id.* at 5. The images depicted "non-nude female models" and bore a "compliance stamp . . . stating that the models [were] eighteen years old or older at the time of filming." *Id.* at 5. "Pace is allowed to have photos of non-nude models . . . even with his 'Individualized Treatment Plan'" for sexual deviance. *Id.* at 8 (citing ECF No. 1-2, at 3). He believed these images complied with his treatment plan. *See id.* at 5–9; ECF No. 1-2, at 2–3.

On June 11, 2021, Defendant Curtis searched Pace's cell and found the pictures and catalogs. Am. Compl. 5. Curtis confiscated the items, telling Pace that "he was not allowed to have them because the images weren't 'non-nude,' and some of the images were of children." *Id.* He gave Pace a blank Notice of Confiscation of Property form and turned the items over to institutional investigators. *Id.*; *see* ECF No. 1-2, at 1. Pace alleges that Curtis acted based on his "subjective interpretation of the images." Am. Compl. 5; *see also id.* at 8.

On June 17, Pace challenged the confiscation of his materials through VDOC's grievance process. Am. Compl. 5; *see* ECF No. 1-2, at 3. He alleged that he "legitimately purchase[d]" the photos in accordance with VDOC policy, Am. Compl. 5, and asked that officials either return his property or "ban all non-nude pictures or catalogues regardless of what the offender is serving time for," ECF No. 1-2, at 2. Defendant Phillip White, ACC's Warden, responded to Pace's grievance, deeming it "unfounded." Am. Compl. 6; *see* ECF No. 1-2, at 3. He stated "that the 'items were confiscated due to the[ir] sexual nature . . . and their attempt to depict models under the age of 18.'" Am. Compl. 6. He also noted that the "'items [were] being reviewed in regards to . . . [Pace's] Sex Offender Treatment with the assistance of [Defendant] Boyd, Certified Sex Offender Treatment Provider for the Western Region,'" and that Pace would "'be scheduled next

week to review the items and have a treatment plan put into place." *Id.* (brackets omitted). Pace appealed White's response to Defendant Steve Herrick, VDOC's Health Service Director. *Id.*; *see* ECF No. 1-2, at 3.

In early August 2021, Pace met with Defendant Mines to review the materials and discuss his treatment plan. Am. Compl. 6. Mines, who is a Senior Psychology Associate at ACC, *id.* at 4, told Pace, "he would not be allowed to possess the items due to the nature of his conviction, and the terms of his treatment plan." *Id.* at 6. On August 24, Mines gave Pace a second Notice of Confiscation of Property, "listing that photos, pages of photos, and a photo album, were seized for treatment purposes." *Id.*

On September 28, Defendant Jeff Dillman, VDOC's Chief of Operations for Health Services, *id.* at 2, responded to Pace's grievance appeal. *Id.* Dillman determined that the grievance was unfounded. *Id.* at 6; *see* ECF No. 1-2, at 4. He explained that "'photos and catalogues were confiscated and are disapproved because they contained images that appear to make women look under the age of 18 even though they may actually be over age 18.'" Am. Compl. 6. Thus, they violated the terms of Pace's Individualized Rehabilitation Plan and were "'detrimental to [Pace's] treatment and recovery.'" *Id.* Dillman explained that Pace could still order photos that "adhere[d] to [his] Individualized Treatment Plan," but he needed to "make sure that any photos [depicted] clearly and unquestionably adult subjects." ECF No. 1-2, at 4.[3]

*

Pace's amended complaint asserts three claims for damages under § 1983 and one claim for damages under Title II of the ADA against all Defendants in their individual and official capacities. *See id.* at 2–4, 7–11. Defendant Curtis is sued based on his "direct role" confiscating

---

[3] Pace also named VDOC Director Harold Clarke as a defendant. Am. Compl. 3. He does not allege that Clarke knew about or was involved in the underlying events. *See generally id.* at 5–10.

Pace's personal property. *Id.* at 4. Defendants White, Mines, and Boyd are sued both for their "direct" roles allegedly ratifying Curtis's conduct and their "supervisory role[s]" as ACC officials. *Id.* at 3–4. Defendants Clarke, Dillman, and Herrick are sued based on their "supervisory role[s]" as higher-level VDOC officials. *Id.* at 2–3.

On the ADA claim, Pace alleges that diagnosed "sexual devi[a]nce [is] a newly qualified disability" and that Defendants "discriminated against [Pace] by reason of his disability" by confiscating the materials he was using to "self-treat[]" that disorder. Am. Compl. 8–9. Pace brings his remaining claims under 42 U.S.C. § 1983. *Id.* at 7–8, 9–10. He asserts that Defendants are liable personally and/or as supervisors for violating his rights under the First, Fifth, and Fourteenth Amendments. On the First Amendment claim, he alleges Defendants' actions violated his right to free speech, which encompasses a right to "receive" speech. *See id.* at 7–8. On the Fifth Amendment claim, he alleges that Defendants "permanently deprived him of his property without 'just compensation,'" violating the Takings Clause. *Id.* at 10. On the Fourteenth Amendment claim, Pace alleges Defendants violated the Equal Protection Clause by treating him differently "on the basis of [his] criminal conviction" and status as a sex offender. *Id.* at 9; *see also* ECF No. 1-2, at 3 (alleging "discriminati[on] against sex offenders" because VDOC allows "everyone but sex offenders [to] order non-nude pictures").

Defendants moved to dismiss Pace's ADA claim and all § 1983 claims against Dillman, Herrick, Clarke, White, Mines, and Boyd in their individual capacities.[4] The remaining defendant, Curtis, also moved to dismiss Pace's § 1983 claim alleging that Curtis violated the Equal Protection Clause. He did not move to dismiss the § 1983 claims alleging violations of the

[4] Pace also seeks damages against each Defendant in his or her "official" capacity. Am. Compl. 1, 11. Those claims will be dismissed on immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). *See Pitts v. South Carolina*, 65 F.4th 141, 143–45 (4th Cir. 2023); *Wilcox v. Brown*, 877 F.3d 161, 166 (4th Cir. 2017).

First Amendment and the Fifth Amendment's Takings Clause. *See* Defs.' Mot. to Dismiss First Am. Compl. 1, ECF No. 27; Defs.' Br. in Supp. of Mot. to Dismiss 1, ECF No. 28. Defendants argue that Pace fails to state a claim under the ADA because he does not allege a qualifying disability and, even if he did, the ADA "does not permit actions against people in their individual capacities." Defs.' Br. in Supp. 4–5 (citing *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471–72 (4th Cir. 1999)). As for Pace's § 1983 claims, Defendants argue that Pace fails to allege Dillman, Herrick, Clarke, White, Mines, and Boyd were "personally involved" in the underlying alleged constitutional violations, as necessary to state claims for relief against them under § 1983. *Id.* at 5–8. Finally, Curtis argues that Pace fails to state an Equal Protection violation against him because "sex offenders are not considered a suspect class" and Pace does not allege "facts that would show unequal treatment as the result of intentional discrimination." *Id.* at 8–9. Pace did not respond to Defendants' Rule 12(b)(6) arguments, *see* ECF No. 30, arguably "waiv[ing] any opposition to the dismissal of these [Defendants and] claims," *Mtn. Land Props. v. Lovell*, 46 F. Supp. 3d 609, 621 (W.D.N.C. 2014).

## III. Analysis

### *A. ADA Claim*

Title II of the ADA, which prohibits public entities from denying benefits or services to individuals by reason of the person's disability, applies to inmates housed in state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998). To state an ADA violation in this context, a plaintiff must allege facts showing that (1) he has a disability or has been regarded as having a disability; (2) he is otherwise qualified to receive the prison's benefit or service; and (3) he was denied those benefits or services, or was otherwise discriminated against, on the basis of

his disability. *See Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (citing 42 U.S.C. § 12132). Pace's allegations fall short on the first element.

Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more" of an individual's major life activities, "a record of such an impairment[,] or . . . being regarded as having such an impairment." 42 U.S.C. § 12102(1). "The definition of disability . . . shall be construed in favor of broad coverage of individuals [and] . . . to the maximum extent permitted" under the statute. *Id.* § 12102(4)(A). Nevertheless, "the term 'disability' shall not include . . . sexual behavior disorders." *Id.* § 12111(b)(1).

Pace has been diagnosed with "sexual devi[a]nce," which he asserts is a "newly qualified disability under the Americans with Disabilities Act." Am. Compl. 8 (citing 42 U.S.C. § 12101). He attempted to "self-treat[]" his condition with the items that Defendant Curtis confiscated. *Id.* Pace alleges that Defendants' confiscating and upholding the confiscation of his materials thus violated the ADA because Defendants took those items "by reason of his disability." *Id.* at 8–9. Contrary to Pace's assertion, "sexual devi[a]nce" is a sexual behavior disorder and therefore is not a disability under the ADA. *See, e.g.*, *Hutton v. Jeffreys*, No. 22cv2683, 2023 WL 4763096, at *3 (S.D. Ill. July 26, 2023) (concluding on a Rule 12(b)(6) motion that plaintiffs' designations as "sexually dangerous persons" fell within the "sexual behavior disorders" exclusion, 42 U.S.C. § 12211(b)(1), and therefore did not qualify as disabilities under the ADA, *id.* § 12102(1)); *Conrad v. Bd. of Johnson Cnty. Comm'rs*, 237 F. Supp. 2d 1204, 1234 (D. Kan. 2002) (citing 42 U.S.C. § 12211(b)(1)) (noting on summary judgment that "sexual deviancy and sexual behavior disorders are not considered disabilities under the ADA"). To survive a motion to dismiss, a complaint "must plausibly allege facts that, if proven, would be sufficient to establish each element of the claim." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 269 (4th Cir. 2022).

Because Pace fails to allege facts showing he has a "disability," his complaint fails to state a claim under the ADA. Accordingly, the Court will grant Defendants' motion to dismiss this claim.

*B. Section 1983 Claims*

To state a claim under § 1983, a plaintiff must plausibly "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was [personally] committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The facts needed to establish the first element will depend on the specific constitutional right or provision at issue. *Iqbal*, 556 U.S. at 677; *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Loftus v. Bobzien*, 848 F.3d 278, 285 (4th Cir. 2017).

*1. Personal Involvement*

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, to state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676; *Sawyer v. S.W. of Va. Reg'l Jail*, No. 7:20cv510, 2020 WL 5371467, at *1 (W.D. Va. Sept. 8, 2020) (citing *Wilcox*, 877 F.3d at 170); *Delk v. Moran*, No. 7:16cv554, 2018 WL 1513296, at *5 (W.D. Va. Mar. 27, 2018) (citing *Trulock*, 275 F.3d at 402). A complaint that does not plausibly allege a defendant's personal involvement in the underlying constitutional violation fails to state a § 1983 claim against that defendant. *Iqbal*, 556 U.S. at 676; *Sawyer*, 2020 WL 5371467, at *2.

Here, Pace alleges that Defendant Clarke, VDOC's Director, is personally liable under § 1983 based on "his supervisory role in the deprivation" of Pace's rights under the First, Fifth, and Fourteenth Amendments. Am. Compl. 3. However, the Amended Complaint "does not contain any allegations about actions, omissions, or decisions by [Clarke] that affected [Pace]'s rights." *See Sawyer*, 2020 WL 5371467, at *2. Moreover, the mere fact that a defendant holds a supervisory position is insufficient to show personal involvement. *Delk*, 2018 WL 1513296, at *6. As such, the Amended Complaint does not allege Clarke's personal involvement. *See Sawyer*, 2020 WL 5371467, at *2. Therefore, Pace fails to state any § 1983 claim against Clarke in his personal capacity.

Pace alleges that Defendants Dillman, Herrick, White, and Boyd are each liable under § 1983 both for their "direct" roles allegedly ratifying Curtis's conduct and their "supervisory role[s]" as ACC officials. Am. Compl. 2–4. Pace's only explanation of these defendants' "direct" involvement in violating his rights is that they were each involved in the grievance process. *Id.* at 5–9. White received Pace's grievance and determined that it was unfounded; Boyd assisted in reviewing Pace's confiscated materials during the grievance process; Pace submitted his appeal of White's response to Herrick; and Dillman responded to Pace's appeal, deeming the grievance unfounded. *Id.* at 5–6. However, prison administrators are not liable for their responses to, much less their mere involvement in, the grievance process. *Delk*, 2018 WL 1513296, at *6. Thus, Pace's complaint does not plausibly allege that these defendants were personally involved in the underlying constitutional violations. Therefore, the complaint fails to state any § 1983 claims against Dillman, Herrick, White, and Boyd in their individual capacities.

Pace alleges that Defendant Mines is similarly liable. Am. Compl. 4. Mines met with Pace after he appealed the first response to his grievance. *Id.* at 6. At that meeting, Mines told

Pace, "he would not be allowed to possess the items due to the nature of his conviction, and the terms of his treatment plan." *Id.* Mines later gave Pace a Notice of Confiscation of Property identifying the property that Curtis confiscated on June 11, 2021. *Id.* The Notice explained that the property was "seized for treatment purposes." *Id.* Mines herself neither confiscated Pace's property nor upheld its confiscation. *See id.* Instead, she merely reviewed the materials with Pace, explained why he could not have them while in sex offender treatment, and gave Pace an inventory form showing the property seized "for treatment purposes." *Id.* Explaining another's decision does not amount to personal involvement. *See Wilcox*, 877 F.3d at 170 (holding that when a violation occurred before the defendant's involvement and the defendant merely informed the plaintiff of the offending conduct, the defendant was not sufficiently personally involved to be liable under § 1983). Thus, Pace has not alleged sufficient personal involvement on Mines's part, and the Amended Complaint fails to state a claim against Mines under § 1983.

The Court will grant the motion to dismiss Pace's § 1983 claims against Clarke, Dillman, Herrick, White, Boyd, and Mines. The Court will also dismiss any § 1983 claims seeking damages against these Defendants in their official capacities, Am. Compl. 1, 11, because they are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(1). Those Defendants will be dismissed from the action.

*2. Equal Protection Clause*

The Fourteenth Amendment's Equal Protection Clause prohibits states from denying people in their jurisdiction equal protection of the law. U.S. Const. amend. XIV, § 1. The Equal Protection Clause embodies the principle that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state an Equal Protection violation, a plaintiff must plausibly allege that (1) he has been treated

differently from others who are similarly situated and (2) "the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier*, 966 F.3d at 277. Individuals are similarly situated if they are "in all relevant respects alike." *See Harrison v. Austin*, 597 F. Supp. 3d 884, 905 (E.D. Va. 2022) (quoting *Fauconier*, 966 F.3d at 277). To demonstrate that unequal treatment was because of intentional or purposeful discrimination, a plaintiff must establish that such discrimination was a motivating factor for the action. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977).

Once a plaintiff makes these showings, a court must determine whether the disparate treatment at issue is justifiable under the requisite level of scrutiny. *See Cleburne*, 473 U.S. at 439–40; *Fauconier*, 966 F.3d at 275, 277–79 (applying rational-basis scrutiny on Rule 12(b)(6) motion). When no suspect class or fundamental right is involved, courts apply rational-basis review. *Doe v. Settle*, 24 F.4th 932, 943 (4th Cir. 2022). In the prison context, rational-basis scrutiny is adjusted to afford prison officials the discretion necessary to operate their facilities. *Morrison v. Garraghty*, 239 F.3d 648, 654–55 (4th Cir. 2001). As such, when action in a prison that is not based on a suspect classification "impinges on inmates' constitutional rights, [the action] is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Whether action is reasonably related to legitimate penological interests turns on four factors:

> (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether there are ready alternatives.

*Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019) (quoting *Turner*, 482 U.S. at 89–91) (internal quotation marks omitted).

Here, Pace alleges that Curtis discriminated against him "on the basis of [Pace]'s criminal conviction." Am. Compl. 9. Pace identified himself as a "sex offender" shortly after Curtis confiscated his pictures, *see* ECF No. 1-2, at 3, and the Court may take judicial notice of the fact that Pace was at the time incarcerated on convictions for aggravated sexual battery and taking indecent liberties with a child, *see Pace*, Nos. CR14-1025-00, CR14-1025-02, CR15-965-00 (Stafford Cnty. Cir. Ct. Sept. 4, 2015).

Pace asserts that as a sex offender, he was treated differently from "every other offender" in VDOC when Curtis confiscated his property because non-sex offenders are allowed to have non-nude photos. *Id.* at 9; *see also* ECF No. 1-2, at 3. However, "[a]ny comparison [Pace] tries to make between the punishment for his crime and the punishment for other crimes is misguided [because] people charged with and convicted of different crimes are not similarly situated to each other." *Vanderwall v. Virginia*, No. 1:05cv1341, 2006 WL 6093879, at *7 (E.D. Va. Aug. 9, 2006) (holding on a Rule 12(b)(6) motion that a plaintiff who was required to register as a sex offender following conviction for attempted indecent liberties with a child was "not similarly situated" to persons convicted for different crimes (citing *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005)). Therefore, because Pace, a sex offender, is not similarly situated to other inmates who are not sex offenders, Pace fails to plausibly allege that he has been treated differently from others who are similarly situated.

Moreover, "sex offender" is not a suspect class under the Equal Protection Clause. *Litmon v. Harris*, 768 F.3d 1237, 1244 (9th Cir. 2014). As such, Pace's claim is entitled to only rational-basis review as tempered by the needs of the prison context. *See Turner*, 482 U.S. at 89; *Morrison*, 239 F.3d at 654–55. Therefore, confiscating his property was valid if it was reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. Even on a Rule

12(b)(6) motion, "[t]he burden is on [Pace] to show that the distinction between him and other convicts" was not reasonably related to legitimate penological interests, *Vanderwall*, 2006 WL 6093879, at *7 (citing *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976)), such as providing rehabilitative treatment. Ultimately, Pace fails to allege any facts supporting a reasonable inference that Curtis's actions were unreasonable. Thus, Pace fails to state a § 1983 claim against Curtis for violating his Equal Protection rights. The Court will grant Curtis's motion to dismiss this claim.

*3. Fifth Amendment Takings Clause*

As incorporated by the Fourteenth Amendment, the Fifth Amendment Takings Clause prohibits states from taking private property for public use without just compensation. *Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019). When a state takes property without providing just compensation, it violates the Takings Clause, and "a property owner may bring a Fifth Amendment claim under § 1983." *Id.* at 2177. A government's duty to pay just compensation when it "physically takes possession of an interest in property" applies to both real and personal property. *Horne v. Dep't of Agric.*, 576 U.S. 350, 357–60 (2015). To state a claim for a violation of a plaintiff's rights under the Takings Clause, a plaintiff must allege facts showing that (1) he has a constitutionally protected property interest, (2) the state took the property for public use, and (3) he did not receive just compensation. *Sparks v. Johnson*, No. 7:08cv494, 2009 WL 1918255, at *1 (W.D. Va. June 30, 2009). When a plaintiff fails to allege that the state converted his property for its own use, he fails to state a Takings Clause claim. *See, e.g.*, *Todman v. Mayor & City Council*, 488 F. Supp. 3d 218, 227–28 (D. Md. 2020).

Here, Curtis confiscated Pace's pictures and catalogues, physically taking them. Am. Compl. 5. However, this is all Pace alleges—that Curtis took his personal property. *See generally*

*id.* Pace fails to allege that VDOC then converted his property for its own use. *See generally id.* Therefore, even assuming Pace has a constitutionally protected property interest, he fails to plausibly plead all elements of his Takings Clause claim as required. *See Harvey*, 48 F.4th at 269. As such, Pace fails to state a Takings Clause claim.

Defendants did not address Pace's Takings Clause claim in their motion to dismiss, *see generally* Defs.' Mot. to Dismiss First Am. Compl., or their brief supporting that motion, *see generally* Defs.' Br. in Supp. of Mot. to Dismiss. Because Pace is proceeding IFP and was incarcerated when he filed this complaint seeking redress from "an officer or employee of a governmental entity," however, the Court must screen his complaint and dismiss any portion that fails to state a claim for which relief can be granted, 28 U.S.C. § 1915A(b)(1), applying the same standards as on a Rule 12(b)(6) motion. *Lawson v. North Carolina*, No. 21-7524, 2023 WL 2888546, at *1 (4th Cir. Apr. 11, 2023) (per curiam) (citing *Wilcox*, 877 F.3d at 166); *see also Pitts*, 65 F.4th at 144 (noting that § 1915(e)(2)(B) contains a "partially overlapping provision requir[ing] dismissal" in such cases when filed in forma pauperis). Accordingly, Pace's § 1983 claim alleging that Curtis violated his rights under the Fifth Amendment's Takings Clause will be dismissed for failure to state a claim.

IV. Conclusion

For the foregoing reasons, Defendants' Rule 12(b)(6) motion to dismiss, ECF No. 27, is **GRANTED** with respect to all of Pace's claims against Defendants Dillman, Herrick, Clarke, White, Mines, and Boyd, as well as Pace's Fourteenth Amendment Equal Protection Clause and ADA claims against Defendant Curtis in his individual capacity. Those claims will be dismissed. Additionally, Pace's Fifth Amendment claim, and any § 1983 claims seeking damages against Defendants in their official capacities, will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–

(iii), 1915A(b)(1). Pace's remaining First Amendment claim will go forward only against Defendant Curtis in his individual capacity.

ENTER: September 20, 2023

Joel C. Hoppe
U.S. Magistrate Judge